**JELLISON LAW OFFICES, PLLC**
18801 North Thompson Peak Parkway
Suite D235
Scottsdale, Arizona 85255
Telephone: 480.659.4244
Facsimile: 480.659.4255
JAMES M. JELLISON, ESQ., #012763
jim@jellisonlaw.com
  *Counsel for Yavapai County; Yavapai County Sheriff's Office; Boelts; Johnson*

# IN THE UNITED STATES DISTRICT COURT

# FOR THE STATE OF ARIZONA

| | |
|---|---|
| Corey Drew,<br><br>                    Plaintiff,<br><br>v.<br><br>County of Yavapai; Yavapai County Sheriff's Office; Dennis McGrane; Tom Boelts; John Johnson; Samuel Contreras; Patrick Boehm; Larry Hooten; et. al.,<br><br>                    Defendants. | Case No. 3:24-cv-08073-KLM-MTM<br><br>**DEFENDANTS' OBJECTION TO PLAINTIFFS' RESPONSE TO COURT ORDER TO SHOW CAUSE RE SERVICE ON DEFENDANTS CONTRERAS, BOEHM, HOOTEN AND MCGRANE**<br><br>**(Doc. 25)** |

     Defendants County of Yavapai; Yavapai County Sheriff's Office; Tom Boelts; and John Johnson, by and through counsel undersigned, hereby submit their Objection to Plaintiffs' Response to Court order to Show Cause regarding service on remaining defendants Contreras, Boehm, Hooten and McGrane.

     On April 19, 2024, Plaintiff filed a pro se civil rights Complaint pursuant to 42 U.S.C. § 1983 (Doc. 1). Summons were issued. On May 5, 2024, the Court issued an Order instructing Plaintiff to complete service upon the Defendants. (Doc. 10). Plaintiff did not complete proper service as ordered by the Court, and on July 26, 2024, the Court issued its Order to Show Cause (Doc. 12). The Court stated in its Order that Plaintiff had ten days to complete service or show cause why the matter should not be dismissed. On July 31, 2024, Plaintiff responded to the Court's Order to Show Cause stating service is hindered

due to his location and the occupation of the Defendants. Plaintiff fails, however, to explain why either factor has prevented timely service. He further states in his Response that he served all Defendants via USPS mail. However, pursuant to Federal Rule of Civil Procedure 4, mailed service was not, in fact, proper. The only served Defendants in this action are the County of Yavapai, Yavapai County Sheriff's Office; Boelts; and Johnson (the "Defendants").

On September 20, 2024, the served Defendants filed their Motion to Dismiss for failure to state a claim; failure to file within the applicable statute of limitations; failure to allege a plausible *Monell* claim against Defendant Yavapai County, qualified immunity; a non-jural entity cannot be sued under Federal or State law; and untimely notice of claim. (Doc. 20).

Again, the Court issues yet another Order to Show Cause to Plaintiff as to why service has not been perfected on the remaining defendants and gives the Plaintiff another ten days to do so. (Doc. 22). The Plaintiff responded to the Court's Order to Show Cause essentially stating the same reasons he set forth as to why he has not. Plaintiff states he is hindered due to his location and the remaining defendants' occupation. (Doc. 23). On October 16, 2024, the Court again issued another Order to serve the remaining defendants within 14 days of the date of the Order (Doc. 24) and on October 24, 2024 Plaintiff responded to the Court's Order stating he caused personal service on the remaining defendants, Contreras, Boehm, Hooten and McGrain. (Doc. 25). Despite his representation to the Court, Plaintiff has not properly served the remaining defendants. (Affidavit attached hereto as Exhibit A).

The properly served Defendants request to have their Motion to Dismiss responded to and heard without prolonging the case with the specter of future, untimely service issues regarding the other defendants. Plaintiff has had seven months to properly serve the remaining defendants and has not done so in accordance with the Federal Rules of Civil Procedure. The Court has given Plaintiff numerous Orders to Show Cause why the matter should not be dismissed for failure to serve, and Plaintiff to date, has not yet done so.

Plaintiff has not responded with a good faith basis for any further extensions of service.

The law is clear. "Before a federal court may exercise personal jurisdiction over a defendant, the procedural requirement of service of summons must be satisfied." *Omni Capital Int'l v. Rudolf Wolff & Co.*, 484 U.S. 97, 104 (1987). Federal Rule of Civil Procedure 4(e)(1) allows service "in a judicial district of the United States" by "following state law for serving a summons in an action brought in courts of general jurisdiction in the state where the district court is located or where service is made." *Peterson v. United States*, 2017 WL 10543986, at *1 (C.D. Cal. Jan. 10, 2017) "Under both the Arizona and Federal rules, an individual may be served by personal service, by leaving a copy at an individual's dwelling with a person of suitable age and discretion who resides there, or by serving an authorized agent." *Zuckerman v. Trump*, 2020 WL 5038583, at *1 (D. Ariz. Aug. 26, 2020) (citing Fed.R.Civ.P. 4(e); Ariz.R.Civ.P. 4.1(d)).

Federal Rule of Civil Procedure 4(m) provides that if a summons and complaint are not served upon a defendant within 90 days after filing, the court shall, after notice to the plaintiff, either dismiss the action or, if the plaintiff shows good cause for the failure, direct that service be effected within a specified time. The Ninth Circuit has explained that Rule 4(m) "requires a district court to grant an extension of time when the plaintiff shows good cause for the delay. A plaintiff may demonstrate good cause by showing that he made a reasonable and diligent effort to effect service. *See Electrical Specialty Co. v. Road & Ranch Supply, Inc.*, 967 F.2d 309, 312 (9th Cir. 1992). "Additionally, the rule permits the district court to grant an extension even in the absence of good cause." *Efaw v. Williams*, 473 F.3d 1038, 1040 (9th Cir. 2007) (internal citations omitted) (emphasis in original). Courts should give the Rule 4 provisions a liberal and flexible construction. *See Borzeka v. Heckler*, 739 F.2d 444, 447 (9th Cir. 1984). When determining whether an extension for service is warranted, a district court should consider factors such as prejudice to the defendant, actual notice of a lawsuit, and eventual service. *Efaw*, 473 F.3d at 1041; *see Pioneer Inv. Servs. Co. v. Brunswick Assocs. Ltd. P'ship*, 507 U.S. 380, 395 (1993) (factors to consider in the excusable-neglect determination include danger of prejudice, length of delay, reason for

delay, and whether party acted in good faith).

Here, Plaintiff's failure to show good cause for failure to properly service, after this Court's many warnings merits a dismissal without prejudice. The properly served Defendants request this resolution as they believe their pending motion is meritorious and should result in a final resolution of this matter.

DATED this 5th day of November 2024.

JELLISON LAW OFFICES, PLLC

s/ *James M. Jellison*
James M. Jellison, Esq.
*Counsel for Defendants Yavapai County; Yavapai County Sheriff's Office David Rhodes; Boelts; and Johnson*

# CERTIFICATE OF SERVICE

I hereby certify that on November 5, 2024, I electronically transmitted the attached document to the Clerk's Office using the CM/ECF System for filing with service on the following registrants, or by mail if not a registrant:

Corey Drew
164 Rainbow Drive, #6423
Livingston, TX 77399
T: 480.630.3522
E: chembeforethestorm@gmail.com
 *Pro Se*


By: s/ *Rebecca L. Craft*