1  **JELLISON LAW OFFICES, PLLC**
2  18801 North Thompson Peak Parkway
   Suite D235
3  Scottsdale, Arizona 85255
   Telephone: 480.659.4244
4  Facsimile: 480.659.4255
5  JAMES M. JELLISON, ESQ., #012763
   jim@jellisonlaw.com
6    *Counsel for Yavapai County; Yavapai County Sheriff's Office; Boelts; and Johnson*

**IN THE UNITED STATES DISTRICT COURT**

**FOR THE STATE OF ARIZONA**

| | |
|---|---|
| Corey Drew, | Case No. 3:24-cv-08073-KLM-MTM |
| Plaintiff, | **DEFENDANTS YAVAPAI COUNTY, YAVAPAI COUNTY SHERIFF'S OFFICE, BOELTS, AND JOHNSON'S RESPONSE TO MOTION FOR LEAVE TO FILE BRIEF OF *AMICUS CURIAE* DAVID MORGAN** |
| v. | |
| County of Yavapai; Yavapai County Sheriff's Office; Dennis McGrane; Tom Boelts; John Johnson; Samuel Contreras; Patrick Boehm; Larry Hooten; et. al., | |
| Defendants. | |

   Defendants County of Yavapai; Yavapai County Sheriff's Office; Tom Boelts; and John Johnson, by and through counsel undersigned, hereby submit their Response to Motion for Leave to File Brief of Amicus Curiae David Morgan by requesting said Motion be denied.

   The Federal Rules of Civil Procedure and the local rules of this District do not cover *amicus curiae* procedures, but courts within this district have reviewed Federal Rule of Appellate Procedure 29, as persuasive authority, in considering whether an amicus brief will be of assistance to the Court. *See, e.g., Ctr. for Biological Diversity v. United States Env't Prot. Agency*, 2023 WL 4542990, at *1 (D. Ariz. June 27, 2023) ("CBD"). Rule 29 provides that an *amicus* brief "must be filed within 7 days after the principal brief of the

party being supported is filed, identify the interests of the amici-party, whether counsel for any party authored the brief, and explain the relevancy of the amicus briefing." *Id.* (citing Fed. R. App. P. 29(b)(3)–(4)).

In deciding whether to grant leave to file an *amicus* brief, courts should consider whether the briefing "supplement[s] the efforts of counsel, and draw[s] the court's attention to law that escaped consideration." *Washington v. United States Food & Drug Admin.*, 668 F. Supp. 3d 1125, 1144 (E.D. Wash. 2023) (quoting *Miller-Wohl Co., Inc. v. Comm'r of Labor & Indus. Mont.*, 694 F.2d 203, 204 (9th Cir. 1982)). "An *amicus* brief should normally be allowed when ... the *amicus* has an interest in some other case that may be affected by the decision in the present case, or when the amicus has unique information or perspective that can help the court beyond the help that the lawyers for the parties are able to provide ... Otherwise, leave to file an *amicus curiae* brief should be denied." *Id.* (quoting *Cmty. Ass'n for Restoration of Env't (CARE) v. DeRuyter Bros. Dairy*, 54 F. Supp. 2d 974, 975 (E.D. Wash. 1999)) (internal citations omitted). District courts have "broad discretion to grant or refuse prospective *amicus* participation, accordingly, as it deems the proffered information timely, useful, or otherwise." *CBD*, 2023 WL 4542990, at *2.

This Court should deny the non-party Morgan's Motion because although timely, Morgan fails to show he is affected by the decision in the present case, or that he has unique information or perspective that will assist this Court beyond what the parties provide. redundant. Indeed, the complete focus of the Morgan Brief is related to the individual outcome for Mr. Drew.   The Brief does not advance any interest of Morgan, a journalist from a different County, but instead provides any additional counsel's arguments *on behalf of Drew* creating a *de facto* 32-page response to the Motion to Dismiss.   Because the Brief fails to meet the criteria for acceptance of an amicus curiae brief at the district court level, leave to file the Brief should be denied.

/ /

/ /

/ /

2

DATED this 25th day of November, 2024.

                                                                JELLISON LAW OFFICES, PLLC

                                                                s/ *James M. Jellison*
                                                                 James M. Jellison, Esq.
                                                                 *Counsel for Defendants Yavapai County; Yavapai County Sheriff's Office; Boelts; and Johnson*

# **CERTIFICATE OF FILING AND SERVICE**

I hereby certify that on November 25, 2024, I electronically transmitted the attached document to the Clerk's Office using the CM/ECF System for filing with service on the registrant:

Corey Drew
164 Rainbow Drive, #6423
Livingston, TX 77399
T: 480.630.3522
E: chembeforethestorm@gmail.com
 *Pro Se*

Gregg P. Leslie, Esq.
Aaron A. Baumann, Esq.
Nicole Salars, Esq.
First Amendment Clinic, Public Interest Law Firm
Arizona State University Sandra Day O'Connor College of Law
111 E. Taylor St., Mail Code 8820
Phoenix, AZ 85004
E: (804) 727-7398
*Attorneys for Amicus Curiae David Morgan*
E: Gregg.Leslie@asu.edu
E: Aaron.Baumann@asu.edu
E: nsalars@asu.edu


By: s/ *Rebecca L. Craft*