1
2
3
4
5
6
7
8

**IN THE UNITED STATED DISTRICT COURT**

**FOR THE DISTRICT OF ARIZONA**

9
10
11
12
13

| | |
|---|---|
| Corey Drew, | No. CV-24-08073-PCT-KML (MTM) |
| Plaintiff, | **REPORT AND RECOMMENDATION** |
| v. | |
| Yavapai County, et al., | |
| Defendants. | |

14
15    TO THE HONORABLE KRISSA M. LANHAM, UNITED STATES DISTRICT
16    JUDGE:

17    **I.    Summary of Conclusion**

18    This matter is before the Court on its own review. Plaintiff failed to effect service on
19    Defendants McGrane, Contreras, Boehm, and Hooten and the service deadline has expired.
20    Accordingly, the Court will recommend that Plaintiff's claims against these Defendants be
21    dismissed without prejudice under Rules 4(m) and 41(b) of the Federal Rules of Civil
22    Procedure.

23    **II.    Background**

24        On April 19, 2024, Plaintiff Corey Drew filed a pro se civil rights Complaint
25    pursuant to 42 U.S.C. § 1983. (Doc. 1.) Upon screening, the Court ordered Defendants to
26    answer the Complaint. (Doc. 10.) In its screening Order, the Court also stated, "If Plaintiff
27    does not either obtain a waiver of service of the summons or complete service of the
28    Summons and Complaint on a Defendant within 90 days of the filing of the Complaint or

within 60 days of the filing of this Order, whichever is later, the action may be dismissed as to each Defendant not served. Fed. R. Civ. P. 4(m)." (*Id.*)

The record revealing that service was not completed as to Defendants McGrane, Contreras, Boehm, and Hooten, the Court required Plaintiff to show cause why this action should not be dismissed as to those Defendants for failure to serve pursuant to Rule 4(m) of the Federal Rules of Civil Procedure. (Doc. 22.) On October 10, 2024, Plaintiff filed a response to the Court's Order indicating Defendants McGrane, Contreras, Boehm, and Hooten were served via USPS Certified Mail. (Doc. 23.)

Finding that service by certified mail is not an acceptable form of service under the Federal Rules of Civil Procedure, the Court issued an Order on October 16, 2024, stating, in pertinent part,

> The Court will allow Plaintiff 14 additional days from the date of this Order to properly serve Defendants McGrane, Contreras, Boehm, and Hooten. Plaintiff must file proof of service indicating that the Defendants have been served with the Summons and Complaint. If the Court does not receive proof of service, this case may be dismissed pursuant to Rule 4(m) of the Federal Rules of Civil Procedure as to the Defendants not lawfully served.

(Doc. 24.)

On October 24, 2024, Plaintiff filed a response to the Court's Order claiming that personal service was completed on all four unserved Defendants by delivering the Summons and Complaint to "an agent authorized to accept documents." (Doc. 25.) Counsel for the served Defendants filed an objection to Plaintiff's response on November 5, 2024, stating that Plaintiff has not properly served the remaining Defendants in this case. (Doc. 28.) Attached to the objection, counsel submitted the Affidavit of Steven Clark, Deputy County Attorney with the Yavapai County Attorney's Office. (Doc. 28-1 at 2, Exh. A.) In his Affidavit, Mr. Clark avers (1) that the person who the process server allegedly "dropped the envelope off" to was not authorized to accept service on behalf of the Yavapai County Attorney, McGrane; and (2) the persons with authority to accept service for the Yavapai

County Sheriff's Office employees – Hooten, Boehm, and Contreras – never received any documents regarding service through them or others in their departments. (*Id.*)

## III.    Discussion

### a.    Rule 4(m)

As an initial matter, Plaintiff has failed to timely serve Defendants McGrane, Contreras, Boehm, and Hooten under Rule 4(m) of the Federal Rules of Civil Procedure, which requires that service be completed within 90 days of the date the complaint was filed.

> If a defendant is not served within 90 days after the complaint is filed, the court—on motion or on its own after notice to the plaintiff—must dismiss the action without prejudice against that defendant or order that service be made within a specified time. But if the plaintiff shows good cause for the failure, the court must extend the time for service for an appropriate period.

Fed. R. Civ. P. 4(m).

> Good cause to avoid dismissal may be demonstrated by establishing, at minimum, excusable neglect. *See Boudette v. Barnette*, 923 F.2d 754, 756 (9th Cir. 1991). In addition to excusable neglect, a plaintiff may be required to show the following factors to bring the excuse to the level of good cause: "(a) the party to be served personally received actual notice of the lawsuit; (b) the defendant would suffer no prejudice; and (c) plaintiff would be severely prejudiced if his complaint were dismissed." *Id.*

*Lemoge v. United States*, 587 F.3d 1188, 1198 (9th Cir. 2009).

Here, since the Court issued its screening Order on May 1, 2024, Plaintiff has had over nine months to properly serve the remaining defendants and has not done so in accordance with the Federal Rules of Civil Procedure. The Court has issued numerous Orders to Show Cause why the matter should not be dismissed for failure to serve and has given numerous extensions of time. Yet, to date, Plaintiff has failed to effect service and failed to establish good cause for the failure to do so. Accordingly, the Court will recommend the action be dismissed without prejudice as to Defendants McGrane, Contreras, Boehm, and Hooten for failure to serve under Rule 4(m) of the Federal Rules of Civil Procedure.

\\\

**b.     Rule 41(b)**

Plaintiff's action may also be dismissed under Rule 41(b) of the Federal Rules of Civil Procedure, for failure to comply with this Court's Orders. Rule 41(b) of the Federal Rules of Civil Procedure provides, "[i]f the plaintiff fails to comply with these rules or any order of court, a defendant may move to dismiss the action or any claim against it." In *Link v. Wabash Railroad Co.*, 370 U.S. 626, 629-31 (1962), the Supreme Court recognized that a federal district court has the inherent power to dismiss a case *sua sponte* for failure to prosecute. Moreover, in appropriate circumstances, the Court may dismiss a complaint for failure to prosecute even without notice or hearing. *See id.* at 633.

In determining whether Plaintiff's failure to prosecute warrants dismissal of the case, the Court must weigh the following five factors: "(1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the defendants; (4) the public policy favoring disposition of cases on their merits; and (5) the availability of less drastic sanctions." *Carey v. King*, 856 F.2d 1439, 1440 (9th Cir. 1988) (quoting *Henderson v. Duncan*, 779 F.2d 1421, 1423 (9th Cir. 1986)). "The first two of these factors favor the imposition of sanctions in most cases, while the fourth factor cuts against a default or dismissal sanction. Thus the key factors are prejudice and availability of lesser sanctions." *Wanderer v. Johnson*, 910 F.2d 652, 656 (9th Cir. 1990).

Here, the first, second, and third factors favor dismissal of this case. Plaintiff's failure to effect service on Defendants as directed, prevents the case from proceeding against them in the foreseeable future. The fourth factor, as always, weighs against dismissal. The fifth factor requires the Court to consider whether a less drastic alternative is available. The Court has already ordered Plaintiff to show cause why this matter should not be dismissed on multiple occasions and has given Plaintiff more than enough time to effect service. Yet, the docket does not reflect that Plaintiff has completed service in compliance with the federal rules.

The Court finds that only one less drastic sanction is realistically available. Rule

41(b) provides that a dismissal for failure to prosecute operates as an adjudication upon the merits "[u]nless the dismissal order states otherwise." In the instant case, the Court finds that a dismissal with prejudice would be unnecessarily harsh. Therefore, the Court will recommend dismissal of this action without prejudice as to Defendants McGrane, Contreras, Boehm, and Hooten pursuant to Rule 41(b) of the Federal Rules of Civil Procedure.

Accordingly,

**IT IS RECOMMENDED** that Plaintiff's Complaint (Doc. 1) be **dismissed without prejudice** as to Defendants McGrane, Contreras, Boehm, and Hooten pursuant to Fed. R. Civ. P. 4(m) and Fed. R. Civ. P. 41(b).

This recommendation is not an order that is immediately appealable to the Ninth Circuit Court of Appeals. Any notice of appeal pursuant to Rule 4(a)(1), Federal Rules of Appellate Procedure, should not be filed until entry of the district court's judgment. The parties shall have 14 days from the date of service of a copy of this Report and Recommendation within which to file specific written objections with the Court. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 6(a), 6(b) and 72. Thereafter, the parties have 14 days within which to file a response to the objections.

Failure to timely file objections to the Magistrate Judge's Report and Recommendation may result in the acceptance of the Report and Recommendation by the district court without further review. *See United States v. Reyna-Tapia*, 328 F.3d 1114, 1121 (9th Cir. 2003). Failure to timely file objections to any factual determinations of the Magistrate Judge will be considered a waiver of a party's right to appellate review of the findings of fact in an order of judgment entered pursuant to the Magistrate Judge's Report and Recommendation. *See* Fed. R. Civ. P. 72.

Dated this 3rd day of February, 2025.

Michael T. Morrissey
Honorable Michael T. Morrissey
United States Magistrate Judge