*In Propria Persona*
Corey Drew
164 Rainbow Dr. #6423
Livingston TX, 77399
480.630.3522
Plaintiff

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Corey Drew, | Cause No: 3:24-cv-08073-KLM-MTM |
| *Plaintiff,* | |
| vs. | |
| County of Yavapai; Yavapai County Sheriff Office; Dennis McGrane; Tom Boelts; John Johnson; Samuel Contreras; Patrick Boehm; Larry Hooten; et. al.; | **PLAINTIFF'S OBJECTIONS TO THE MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION** |
| *Defendants.* | Hon. Judge Michael T. Morrissey |

1

**I. INTRODUCTION**

1. Plaintiff Corey Drew submits this Objection to the Magistrate Judge's Report and Recommendation (Doc. 34).
2. The Report and Recommendation recommends dismissal of Plaintiff's claims against Defendants McGrane, Contreras, Boehm, and Hooten.
3. The dismissal is based on an alleged failure to properly effect service of process under Federal Rule of Civil Procedure 4(m).
4. Plaintiff objects to the recommendation because service was valid under federal and state law, Defendants received actual notice of the lawsuit, and Plaintiff's reasonable reliance on prior Court rulings and procedural barriers prevented further service attempts.
5. Plaintiff objects to the recommendation for the following reasons:
    a. Service was properly completed under Arizona law and should be considered valid under Federal Rule of Civil Procedure 4(e). The Court should recognize service as valid under Arizona law, which governs service within the state, as well as under federal law.
    b. Plaintiff reasonably relied on the Court's prior acceptance of service for other similarly situated Defendants. Other Defendants in this case were served in the same manner, and service was not challenged at that time.
    c. Plaintiff had no reason to believe further service attempts were necessary. After the Court previously accepted service for other Defendants using identical methods, Plaintiff reasonably believed the same standard would apply to McGrane, Contreras, Boehm, and Hooten.
    d. Defendants received actual notice of the lawsuit, satisfying the purpose of Rule 4. The Supreme Court has held that due process requires only "notice reasonably calculated, under all the circumstances, to apprise interested parties of the pendency of the action." *Mullane v. Central Hanover Bank &*

*Trust Co.*, 339 U.S. 306, 314 (1950). Defendants have actively participated in this case and cannot claim prejudice from any alleged service defect.

   e. The Ninth Circuit standard for proper service was met, as courts have repeatedly found that actual notice mitigates procedural service defects. The Ninth Circuit has held that "Rule 4 is a flexible rule that should be liberally construed to uphold service so long as a party receives sufficient notice of the complaint." *Chan v. Society Expeditions, Inc.*, 39 F.3d 1398, 1404 (9th Cir. 1994).

   f. The affidavit provided by Deputy County Attorney McGrane is irrelevant. The affidavit cites internal agency policies, which do not constitute legally binding service requirements under Arizona law. Internal agency rules cannot override statutory service requirements.[1] [2]

   g. Defendants' argument that Plaintiff failed to serve a designated agent is legally flawed for two reasons:

      i. Arizona's designated agent service rules apply to corporations and registered entities, not to individual government employees. No rule requires a private litigant to serve an employee of a government entity through an undisclosed designated agent.

---

[1] Plaintiff has consistently declared under penalty of perjury on every document filed with this Court pursuant to 28 U.S.C. § 1746, affording each submission the same evidentiary weight as an affidavit. In contrast, Defendants' counsel has not provided a sworn declaration in any prior submission to the Court aside from the current one. The Court should recognize the uniformity and reliability of Plaintiff's sworn statements in assessing the credibility of the arguments presented.

[2] **McGrane's affidavit challenging service constitutes an implicit admission that he received service.** If service had been truly ineffective, McGrane would not have been in a position to submit a sworn declaration regarding it. By filing an affidavit to dispute service, he demonstrates that he was aware of the lawsuit, which is the very purpose of Rule 4. His attempt to contest service should therefore be viewed with skepticism, as it contradicts the fundamental premise of his argument.

3

    ii. Defendants have neither registered a designated agent nor disclosed one to the public, making compliance with any alleged internal service policy impossible. The law does not require a party to comply with undisclosed or inaccessible service requirements.

  h. Dismissal would significantly prejudice Plaintiff, as the statute of limitations would bar refiling, causing irreparable harm. The Ninth Circuit has held that "the [Plaintiff] would suffer the 'ultimate' prejudice absent relief because the statute of limitations on their claim has run." *Lemoge v. United States*, 587 F.3d 1188, 1196 (9th Cir. 2009). If this case is dismissed, even without prejudice, **Plaintiff will be permanently barred from seeking relief.**

  i. Defendants suffer no harm from denial of dismissal, as they already have actual notice of the lawsuit and have actively participated in litigation. Because Defendants have filed motions and participated in court proceedings, they cannot claim unfair surprise or prejudice due to alleged defects in service.

6. Given Plaintiff's diligent efforts to effectuate service, the procedural barriers beyond Plaintiff's control, and Defendants' actual notice of the lawsuit, dismissal would be unjust and contrary to controlling case law.

7. For these reasons, Plaintiff respectfully requests that this Court reject the Report and Recommendation and deny the Motion to Dismiss.

**II. FACTUAL BACKGROUND**

8. Plaintiff reasonably relied on the fact that Defendants Yavapai County, Yavapai County Sheriff's Department, Boelts, and Johnson were served in the same manner, and **Defendants did not challenge the sufficiency of that service at the time.**

4

9. There was no indication from the Court or Defendants that a different standard would later be applied to McGrane, Contreras, Boehm, and Hooten.

10. Service for these Defendants was effectuated at the Yavapai County Sheriff's Office.

11. Plaintiff reasonably relied on the Court's prior acceptance of service, believing that the same method of service would be deemed valid for Defendants McGrane, Contreras, Boehm, and Hooten.

12. Plaintiff made multiple diligent attempts to serve Defendants, including:

    a. Certified mail service – Plaintiff initially believed this was an acceptable method for serving government employees under the applicable rules.

    b. Personal service at Defendants' workplace – Plaintiff attempted to serve Defendants at the Yavapai County Sheriff's Office, where service had already been accepted for other Defendants in the case.

    c. Hiring an individual process server – Plaintiff retained a private party process server who followed all standard legal procedures in attempting service.

13. Despite these diligent efforts, Plaintiff encountered significant procedural barriers preventing service, including:

    a. <u>Statutory protections on Defendants' home addresses</u> – Defendants' residential addresses are protected under Arizona law, specifically A.R.S. §§ 11-483 and 16-153, making personal service at their residences impossible.

    b. <u>Lack of available professional process servers</u> – Process servers are unavailable in Yavapai County, and those from outside the county have refused to serve within this jurisdiction.

    c. <u>Difficulty in locating Defendants for personal service</u> – As law enforcement officers, Defendants frequently move between locations in their official

5

duties, making them difficult to locate at predictable times for personal service.

    d. <u>Rejection of service attempts at the Yavapai County Sheriff's Office</u> – Prior attempts to serve Defendants at their workplace were rejected by staff.

    e. <u>Conflicted role of the Yavapai County Sheriff's Office</u> – The Sheriff's Office, which typically handles process service in the county, is a named Defendant in this case, creating a clear conflict of interest and preventing it from accepting or facilitating service. This creates a hurdle for Plaintiff to overcome other litigants in the county are not required to endure.

    f. <u>Lack of a disclosed designated agent for service</u> – Defendants failed to provide any public record or disclosure identifying a designated agent for service, making alternative service impractical.

    g. <u>Plaintiff's lack of alternative means to effectuate service</u> – Because the Sheriff's Office cannot perform service in this case and Defendants' residential addresses are legally protected, Plaintiff was left without a viable means of direct service.

14. As a result of these barriers, Plaintiff reasonably relied on the prior acceptance of service for other similarly situated Defendants and did not receive any notice that additional service efforts would be required.

15. Defendants have nonetheless had actual notice of the lawsuit and have actively participated in the litigation, filing motions and engaging with the Court.

16. Given Plaintiff's diligent attempts at service, the procedural obstacles beyond Plaintiff's control, and Defendants' actual notice of the proceedings, dismissal based on an alleged service defect would be unjust.

## III. LEGAL ARGUMENT

### A. Plaintiff Reasonably Relied on the Court's Prior Acceptance of Service

17. Litigants should not be penalized for reasonable reliance on procedural rulings. The Ninth Circuit has held that litigants are entitled to rely on well-established circuit law unless there is "a tangible indication (such as a pending Supreme Court case) that it may not" remain intact. *Henson v. Fidelity Nat'l Fin., Inc.*, No. 18-56071, at 33 (9th Cir. Nov. 15, 2019).

18. Here, Plaintiff reasonably relied on the Court's prior acceptance of service for similarly situated Defendants. Defendants Yavapai County, Yavapai County Sheriff's Department, Boelts, and Johnson were all served in the same manner, yet no objections were raised at that time. The failure to provide clear notice that a different standard would later apply to McGrane, Contreras, Boehm, and Hooten unfairly prejudices Plaintiff.

19. The Ninth Circuit in *Lemoge v. United States* held that Rule 4(m) provides two avenues for relief: the first is mandatory, requiring the district court to extend time for service upon a showing of good cause. The second is discretionary, allowing the district court to extend time for service upon a showing of excusable neglect. *Lemoge v. United States*, 587 F.3d 1188, 1198 (9th Cir. 2009).

20. *Lemoge* further emphasized that excusable neglect includes "omissions caused by carelessness" and "situations in which the failure to comply with a filing deadline is attributable to negligence." *Id.* at 1192 (citing *Pioneer Inv. Servs. Co. v. Brunswick Assocs. Ltd.*, 507 U.S. 380, 394 (1993)).

21. Additionally, *Lemoge* held that failure to grant relief under Rule 4(m) is improper where it would result in the "ultimate prejudice" of barring claims due to the statute of limitations. *Id.* at 1196.

22. Because Plaintiff reasonably relied on the Court's prior acceptance of service and faces the risk of irreparable harm, dismissal would be improper under *Lemoge* and Rule 4(m).

**B. Actual Notice Mitigates Procedural Defects in Service**

23. Courts have consistently held that actual notice mitigates procedural objections to service. The Ninth Circuit in *Chan v. Society Expeditions, Inc.* stated that Rule 4 is a flexible rule that should be liberally construed to uphold service so long as a party receives sufficient notice of the complaint. *Chan v. Society Expeditions, Inc.*, 39 F.3d 1398, 1404 (9th Cir. 1994).

24. The Supreme Court in *Mullane v. Central Hanover Bank & Trust Co.* reaffirmed this principle, holding that due process requires notice "Rule 4 is a flexible rule that should be liberally construed to apprise interested parties of the pendency of the action and afford them an opportunity to present their objections." *Mullane v. Central Hanover Bank & Trust Co.*, 339 U.S. 306, 314 (1950).

25. Here, Defendants indisputably received actual notice of the lawsuit, as evidenced by their filings, motions, and participation in litigation.

26. Defendants have actively engaged in the proceedings, demonstrating that they were fully aware of the litigation. Because actual notice has been established, any technical defects in service should not justify dismissal.

**C. Dismissal Based on Technical Defects in Service is Improper**

27. Technical defects in service do not warrant dismissal where the party to be served received actual notice, the defendant suffers no prejudice from the defect in service, there is a justifiable excuse for the failure to serve properly, and the plaintiff would be severely prejudiced if the complaint were dismissed. *Borzeka v. Heckler*, 739 F.2d 444, 447 (9th Cir. 1984).

8

28. The Ninth Circuit in *Lemoge* reiterated that excusable neglect explicitly includes "omissions caused by carelessness" and "situations in which the failure to comply with a filing deadline is attributable to negligence." *Lemoge*, 587 F.3d at 1192 (quoting *Pioneer Inv. Servs. Co. v. Brunswick Assocs. Ltd.*, 507 U.S. 380, 394 (1993)).

29. Further, *Lemoge* confirmed that relief under Rule 4(m) "may be justified, for example, if the applicable statute of limitations would bar the re-filed action." *Id.* at 1198 (citing Fed. R. Civ. P. 4, Advisory Committee Note to 1993 Amendments, Subdivision (m)).

30. In this case:
    a. Defendants received actual notice, fulfilling the purpose of Rule 4.
    b. Defendants suffered no prejudice, as evidenced by their active participation in litigation.
    c. Plaintiff made diligent efforts to serve Defendants, facing statutory restrictions and logistical barriers.
    d. Plaintiff will suffer extreme prejudice if the case is dismissed, as refiling is impossible due to the statute of limitations.

31. *Lemoge* held that prejudice requires more than mere delay and that merely being forced to litigate on the merits cannot be considered prejudicial. *Lemoge*, 587 F.3d at 1196 (quoting *TCI Group Life Ins. Plan v. Knoebber*, 244 F.3d 691, 701 (9th Cir. 2001)).

### IV. CONCLUSION

32. Defendants seek dismissal based on a technicality, despite having actual notice and actively participating in litigation.

33. The purpose of Rule 4 is to ensure that defendants receive notice and an opportunity to respond—both of which have been met in this case. The Ninth

Circuit has consistently held that technical defects in service do not justify dismissal absent actual prejudice. *Borzeka v. Heckler*, 739 F.2d 444, 447 (9th Cir. 1984).

34. Plaintiff has acted diligently in attempting service and has reasonably relied on the Court's prior acceptance of service for similarly situated Defendants. Further, Plaintiff has faced significant procedural barriers beyond his control, including Defendants' statutorily protected home addresses and the conflict of interest within the Yavapai County Sheriff's Office preventing service.

35. The statute of limitations has expired, making refiling impossible. As *Lemoge* confirmed, "the [Plaintiff] would suffer the 'ultimate' prejudice absent relief because the statute of limitations on their claim has run." 587 F.3d at 1196. **Dismissal in this case would unfairly bar Plaintiff's claims permanently**, an outcome courts have cautioned against when good cause for delay exists.

36. Because Defendants had actual notice, suffered no prejudice, and dismissal would cause extreme harm to Plaintiff, the Court should exercise its discretion under Rule 4(m) and allow this case to proceed on the merits. See *Lemoge*, 587 F.3d at 1198-99.

37. **For the foregoing reasons and good cause having been shown, Plaintiff respectfully requests that the Court:**
    a. Reject the Report and Recommendation and deny the Motion to Dismiss;
    b. Find that service was valid under Arizona Rule of Civil Procedure 4.1(d) and Fed. R. Civ. P. 4(e);

    **In the alternative:**
    c. Order Defendants to provide their home address or the name and location of their designated agent for service and allow an appropriate extension of time under Fed. R. Civ. P. 4(m) to re-serve defendants at the named location;

  d. Grant Plaintiff's motion for the U.S. Marshals to effectuate service and allow an appropriate extension of time under Rule 4(m);

  e. Grant any other relief the Court deems just and equitable.

RESPECTFULLY SUBMITTED this 16th day of February 2025

I state under the penalty of perjury that the foregoing is true and correct to the best of my knowledge.

         By: /s/ *Corey Drew*

           Corey Drew  2/16/2025
           Plaintiff, *In Pro Per*

## Certificate Of Service

I CERTIFY that I emailed a copy of this PLAINTIFF'S OBJECTIONS TO THE MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION on 2/16/2025 to:

Defendants attorney James M. Jellison
jim@jellisonlaw.com


By: /s/ *Corey Drew*

Corey Drew  2/16/2025
Plaintiff, *In Pro Per*