*In Propria Persona*
Corey Drew
164 Rainbow Dr. #6423
Livingston TX, 77399
480.630.3522
Plaintiff

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Corey Drew, | Cause No: 3:24-cv-08073-KLM-MTM |
| *Plaintiff,* | |
| vs. | |
| County of Yavapai; Yavapai County Sheriff Office; Dennis McGrane; Tom Boelts; John Johnson; Samuel Contreras; Patrick Boehm; Larry Hooten; et. al.; | **MOTION FOR COURT TO ORDER THE U.S. MARSHALS SERVICE TO EFFECTUATE SERVICE OF PROCESS** |
| *Defendants.* | ORAL ARGUEMENT REQUESTED |
| | Hon. Judge Michael T. Morrissey |

1

Plaintiff, Corey Drew, pro se, respectfully moves this Court for an Order, pursuant to Federal Rule of Civil Procedure 4(c)(3), directing the United States Marshals Service ("USMS") to effectuate service of process upon Defendants McGrane, Contreras, Boehm, and Hooten. This motion is made necessary by the *expiration* of the statute of limitations on Plaintiff's claims, the demonstrated impossibility of standard service methods, Defendants' active participation in this litigation *despite* avoiding formal service, and the imminent threat of irreparable harm to Plaintiff due to recommended dismissal per the Mag.Ct. Report and Recommendation.

## I. INTRODUCTION: EXPIRED STATUTE OF LIMITATIONS AND IRREPARABLE HARM

1. This is not a routine request. The statute of limitations on Plaintiff's 42 U.S.C. § 1983 claims, arising from events occurring on December 9, 2022, has *expired*.
2. Section 1983 claims borrow the applicable state's statute of limitations for personal injury actions. *Wilson v. Garcia*, 471 U.S. 261, 276, 105 S.Ct. 1938, 1947 (1985) ("§ 1983 claims are best characterized as personal injury actions for statute of limitations purposes.").
3. In Arizona, this is a two-year limitations period. A.R.S. § 12-542; *Marks v. Parra*, 785 F.2d 1419, 1420 (9th Cir. 1986) ("The applicable Arizona statute of limitations for personal injuries provides a two-year limitations period."). Therefore, the statute of limitations expired on December 9, 2024.
4. The Magistrate Judge has recommended dismissal for failure to serve (Doc. 34). Plaintiff has timely objected (Doc. 35), showing diligent efforts and good cause.
5. However, *only* if service is effectuated can Plaintiff's claims be preserved.
6. Failure to order U.S. Marshal service will cause irreparable harm, resulting in "the 'ultimate' prejudice." *Lemoge v. United States*, 587 F.3d 1188, 1196 (9th Cir. 2009).

2

## II. LEGAL STANDARD: COURT'S DISCRETION AND DUE PROCESS

7. Federal Rule of Civil Procedure 4(c)(3) provides that "[a]t the plaintiff's request, the court *may* order that service be made by a United States marshal or deputy marshal..." While mandatory for *in forma pauperis* plaintiffs, this rule grants the Court broad *discretion* to order Marshal service when, as here, the interests of justice so require.

8. This discretion is particularly appropriate when standard service methods have proven impossible, and the plaintiff faces irreparable harm.

9. Furthermore, fundamental due process requires that defendants receive notice of a lawsuit. *Mullane v. Cent. Hanover Bank & Tr. Co.*, 339 U.S. 306, 314, 70 S. Ct. 652, 657 (1950) ("An elementary and fundamental requirement of due process ... is notice reasonably calculated, under all the circumstances, to apprise interested parties of the pendency of the action...").

10. While Defendants have actual notice through their counsel's participation, formal service remains a jurisdictional prerequisite unless the court deems previous surface sufficient as requested in Plaintiffs Objection (Doc. 35) to Report and Recommendation. (Doc. 34)

## III. IMPOSSIBILITY OF STANDARD SERVICE AND PLAINTIFF'S DILIGENT EFFORTS

11. Plaintiff has made repeated, documented, and good-faith attempts to serve Defendants, but standard service methods are demonstrably impossible due to a unique combination of factors *entirely outside Plaintiff's control*:

    a. **Statutorily Protected Addresses:** Defendants' residential addresses are protected under A.R.S. §§ 11-483 and 16-153, making personal service at their homes impossible.

3

b. **Absence of Designated Agent and Active Litigation:** Despite actively participating in this litigation through counsel (filing motions), Defendants claim to have a specific agent for service yet have not provided any information about this agent and do not have a registered agent for service with Arizona Secretary of State.

c. **Sheriff's Office Conflict of Interest:** The Yavapai County Sheriff's Office is normally responsible for effectuating service in Yavapai County, however, the Yavapai Sheriff *cannot* serve Defendants due to a direct conflict of interest (Defendants McGrane, Contreras, Boehm, and Hooten are employees of the Yavapai Sheriff dept).

d. **Unavailability of Private Process Servers:** Despite listings for professional process servers in Yavapai County, when contacted by Plaintiff they were either out of business or did not respond. Process servers contacted outside the county stated they did not serve Yavapai County due to its remote location.

e. **Plaintiff's diligent efforts include:**
   i. Attempting service using the method previously accepted by the Court for other Defendants in this case.
   ii. Attempting service at Defendants' known work address.
   iii. Contacting multiple process servers.
   iv. Contacting the Yavapai County Sheriff's Office and confirming the conflict.
   v. Attempting to confer in good faith with Defendants' counsel regarding service and receiving no response.

12. Importantly, Plaintiff reasonably believed the court would accept service for Defendants McGrane, Contreras, Boehm, and Hooten using the *exact same*

4

*method* that had been used, *without objection*, for the other Defendants in this case (Yavapai County, Yavapai County Sheriff's Department, Boelts, and Johnson).

13. Because service on those initial Defendants was accepted by the Court, and because Defendants' counsel did *not* raise any objection to that method of service at the time, Plaintiff *reasonably believed* that the same method would be sufficient for these Defendants.

14. It was only upon receiving the Magistrate Judge's Report and Recommendation (Doc. 34) recommending dismissal that Plaintiff became aware that the Court considered this initial service attempt insufficient as to these four Defendants.

15. This motion, and the related motions, are filed immediately in response to that Report and Recommendation and the now-expired statute of limitations.

16. Plaintiff has exhausted all reasonable avenues for standard service. The Ninth Circuit recognizes that Rule 4 should be "liberally construed so long as a party receives sufficient notice of the complaint." *Direct Mail Specialists, Inc. v. Eclat Computerized Techs., Inc.*, 840 F.2d 685,[1] 688 (9th Cir. 1988).

17. Here, Defendants *have* received sufficient notice, and the technical defect in formal service should not defeat Plaintiff's claims.

**IV. ACTUAL NOTICE AND LACK OF PREJUDICE**

18. The fundamental purpose of service of process is to provide notice and an opportunity to be heard, fulfilling the requirements of due process. *See Mullane v. Cent. Hanover Bank & Tr. Co.*, 339 U.S. 306, 314 (1950).

19. Here, Defendants *already have* actual notice of this lawsuit and are actively participating through counsel.

20. Therefore, they cannot credibly claim any prejudice from a technical defect in formal service that has, to date, caused them no harm. *See Direct Mail*

*Specialists, Inc. v. Eclat Computerized Techs., Inc.*, 840 F.2d 685, 688 (9th Cir. 1988) (emphasizing flexibility in Rule 4 when a party receives sufficient notice).

21. Ordering U.S. Marshal service now will *not* result in surprise, unfairness, or any deprivation of Defendants' rights.

22. They have been aware of, and actively litigating, this case.

23. The delay in formal service is attributable to the obstacles described in Section III, *not* to any lack of diligence by Plaintiff.

24. Granting this motion will simply allow the case to proceed to a determination on the merits, which is the ultimate goal of the judicial process, and which will afford Defendants a full and fair opportunity to present their defenses.

25. The *only* prejudice in this situation lies with Plaintiff, who faces the permanent barring of his claims.

**V. CONCLUSION**

26. The statute of limitations on Plaintiff's claims has expired, leaving U.S. Marshal service as the *only* means to prevent the permanent barring of those claims.

27. Plaintiff diligently attempted service, reasonably relying on the Court's prior acceptance of the same method for other Defendants in this case, and only learned of the perceived insufficiency upon receiving the Magistrate Judge's Report and Recommendation.

28. Standard service methods are demonstrably impossible due to circumstances entirely outside Plaintiff's control.

29. Defendants have actual notice of this lawsuit, are actively participating through counsel, and will suffer no prejudice from court-ordered service.

30. Because the fundamental requirements of due process have been met, and because the failure to order U.S. Marshal service would result in irreparable harm to Plaintiff, this Court should exercise its discretion under Rule 4(c)(3) and

grant the requested relief.

31. In accordance with Federal Rule of Civil Procedure 37(a)(1), Plaintiff certifies that he has in good faith conferred or attempted to confer with Defendants' counsel to obtain the requested information without court intervention but has not received a response.

**VI. REQUEST FOR RELIEF**

For the foregoing reasons, Plaintiff respectfully requests that the Court:

1. Grant this Motion and issue an Order directing the United States Marshals Service to effectuate service of process on Defendants McGrane, Contreras, Boehm, and Hooten.
2. Specify in the Order that the Marshals are authorized to use *any necessary means* to locate and serve the Defendants, including, but not limited to, service at their place of employment or any other location where they may be found.
3. Direct Plaintiff to provide the U.S. Marshals Service with all documents necessary for service.
4. Grant oral argument on this motion.
5. Grant any other relief the Court deems just and equitable.

RESPECTFULLY SUBMITTED this 24th day of February 2025

I state under the penalty of perjury that the foregoing is true and correct to the best of my knowledge.

By: /s/ *Corey Drew*

Corey Drew  2/24/2025
Plaintiff, *In Pro Per*

7

**Certificate Of Service**

I CERTIFY that I emailed a copy of this MOTION FOR COURT TO ORDER THE U.S. MARSHALS SERVICE TO EFFECTUATE SERVICE OF PROCESS on 2/24/2025 to:

Defendants attorney James M. Jellison
jim@jellisonlaw.com


By: /s/ *Corey Drew*

Corey Drew  2/24/2025
Plaintiff, *In Pro Per*

8