*In Propria Persona*
Corey Drew
164 Rainbow Dr. #6423
Livingston TX, 77399
480.630.3522
Plaintiff

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Corey Drew, | Cause No: 3:24-cv-08073-KLM-MTM |
| *Plaintiff,* | |
| vs. | **PLAINTIFF'S MOTION TO COMPEL DEFENDANTS TO PROVIDE THEIR HOME ADDRESS OR REGISTERED AGENT FOR SERVICE** |
| County of Yavapai; Yavapai County Sheriff Office; Dennis McGrane; Tom Boelts; John Johnson; Samuel Contreras; Patrick Boehm; Larry Hooten; et. al.; | |
| | ORAL ARGUEMENT REQUESTED |
| *Defendants.* | Hon. Judge Michael T. Morrissey |

1

Plaintiff, Corey Drew, pro se, respectfully moves this Court for an Order compelling Defendants Dennis M. McGrane, Samuel Contreras, Patrick Boehm, and Larry Hooten to provide their residential addresses, designate an agent for service of process, or, in the alternative, stipulate to acceptance of service by their counsel. This motion is made necessary by the *expiration* of the statute of limitations on Plaintiff's claims, the demonstrated impossibility of standard service methods, Defendants' active participation in this litigation *despite* avoiding formal service, and the imminent threat of irreparable harm to Plaintiff.

## I. INTRODUCTION: EXPIRED STATUTE OF LIMITATIONS AND IRREPARABLE HARM

1. The statute of limitations on Plaintiff's 42 U.S.C. § 1983 claims, arising from events occurring on December 9, 2022, has *expired*.

2. Section 1983 claims borrow the applicable state's statute of limitations for personal injury actions. *Wilson v. Garcia*, 471 U.S. 261, 276, 105 S.Ct. 1938, 1947 (1985) ("§ 1983 claims are best characterized as personal injury actions for statute of limitations purposes.").

3. In Arizona, this is a two-year limitations period. A.R.S. § 12-542; *Marks v. Parra*, 785 F.2d 1419, 1420 (9th Cir. 1986) ("The applicable Arizona statute of limitations for personal injuries provides a two-year limitations period."). Therefore, the statute of limitations expired on December 9, 2024.

4. The Magistrate Judge has recommended dismissal for failure to serve (Doc. 34). Plaintiff has timely objected (Doc. 35), showing diligent efforts and good cause. However, *only* if service is effectuated can Plaintiff's claims be preserved. Failure to compel Defendants' cooperation will result in the *permanent* barring of Plaintiff's claims, causing irreparable harm and "the

2

'ultimate' prejudice." *Lemoge v. United States*, 587 F.3d 1188, 1196 (9th Cir. 2009).

## II. FACTUAL BACKGROUND

5. Plaintiff has made repeated and good-faith attempts to serve Defendants, but standard service methods are demonstrably impossible due to a unique combination of factors entirely outside Plaintiff's control, such as:

   a. **Statutorily Protected Addresses:** Defendants' residential addresses are protected under A.R.S. §§ 11-483 and 16-153, making personal service at their homes impossible.

   b. **Absence of Designated Agent and Active Participation:** Despite actively participating in this litigation through counsel (filing motions), Defendants have not provided a registered agent for service.

   c. **Sheriff's Office Conflict of Interest:** The Yavapai County Sheriff's Office *cannot* serve Defendants due to a direct conflict of interest (Defendants McGrane, Contreras, Boehm, and Hooten are employees of the sheriff department).

   d. **Unavailability of Private Process Servers:** Plaintiff made significant efforts to locate a professional process server in Yavapai County, however, the businesses contacted stated they had close the business or they did not respond. Process servers contacted outside the county stated they did not serve Yavapai County due to its remote location.

3

    e.  **Plaintiff's diligent efforts include:**

        i. Attempting service using the method previously accepted for other Defendants in this case.

        ii. Attempting service at Defendants' known work address.

        iii. Contacting multiple process servers.

        iv. Contacting the Yavapai County Sheriff's Office and confirming the conflict.

6. **Timing of this Motion and Reasonable Reliance:** Plaintiff initially attempted to serve these Defendants using the same method previously used for other Defendants in this case.

7. Because that method had been accepted by the Court, and because Defendants' counsel did not object at that time, Plaintiff reasonably believed the same method would be sufficient.

8. Only upon receiving the Magistrate Judge's Report and Recommendation (Doc. 34) did Plaintiff become aware of the Court's position that this method was insufficient for these specific Defendants.

9. This motion is filed timely upon receiving the Magistrate Court Report and Recommendation and learning of the potential issues with service and recommending dismissal.

9. In accordance with Federal Rule of Civil Procedure 37(a)(1), Plaintiff certifies that he has in good faith conferred or attempted to confer with Defendants' counsel to obtain the requested information without court intervention but has not received a response.

4

## III. LEGAL ARGUMENT: COURT'S INHERENT POWER AND DUE PROCESS

10. **Court's Inherent Authority:** This Court possesses the inherent power to manage its docket, control proceedings, and ensure the fair and efficient administration of justice. "*District courts have inherent power to control their dockets.*" *Atchison, Topeka & Santa Fe Ry. Co. v. Hercules Inc.*, 146 F.3d 1071, 1074 (9th Cir. 1998).

11. This inherent power extends to compelling parties to cooperate in facilitating service of process, particularly when their inaction threatens to undermine the judicial process and cause irreparable harm.

12. **Due Process and Fundamental Fairness:** Due process requires that defendants receive notice of a lawsuit and an opportunity to be heard. *Mullane v. Cent. Hanover Bank & Tr. Co.*, 339 U.S. 306, 314 (1950) ("notice reasonably calculated...to apprise interested parties of the pendency of the action…").

13. While Defendants have actual notice through their counsel's participation, formal service remains a jurisdictional prerequisite. Defendants cannot simultaneously participate in litigation and evade service.

14. **Arizona Law Supports Disclosure in Litigation:** While Arizona law protects addresses, it does *not* create an absolute bar to disclosure *in the context of litigation* where service is required. Arizona Rules of Civil Procedure, Rule 4.1(k) allows the court to find alternative means of service if others are impractical.

15. The information sought here is for the legitimate purpose of effectuating service, and the Court can protect its confidentiality if necessary.

5

## IV. CONCLUSION

16. The statute of limitations has expired. Standard service methods are impossible due to factors entirely outside Plaintiff's control.
17. Defendants, while actively litigating, have not provided a means for formal service, threatening permanent dismissal of Plaintiff's claims.
18. Immediate Court intervention is necessary to prevent irreparable harm.

## V. REQUEST FOR RELIEF

19. For the foregoing reasons, Plaintiff respectfully requests that the Court:
    1. Grant this Motion and issue an Order compelling Defendants McGrane, Contreras, Boehm, and Hooten to, within seven (7) days of the Order, provide Plaintiff with either:
        a. The name, address, and contact information of a designated agent authorized to accept service of process on their behalf; or,
        b. In the alternative, Order Defendants to stipulate to acceptance of service by their counsel.
    2. Specify that if Defendants fail to comply with this Order within the specified timeframe, the Court will deem service to have been properly effectuated.
    3. Grant oral argument on this motion.
    4. Grant such other and further relief as the Court deems just and equitable.

RESPECTFULLY SUBMITTED this 24th day of February 2025

6

1  I state under the penalty of perjury that the foregoing is true and correct to the best of
2  my knowledge.
3
4                              By: /s/ *Corey Drew*
5                                  Corey Drew  2/24/2025
                                    Plaintiff, *In Pro Per*
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

**Certificate Of Service**

I CERTIFY that I emailed a copy of this PLAINTIFF'S MOTION TO COMPEL DEFENDANTS TO PROVIDE THEIR HOME ADDRESS OR REGISTERED AGENT FOR SERVICE
 on  2/24/2025 to:

Defendants attorney James M. Jellison
jim@jellisonlaw.com


By:  /s/ *Corey Drew*

Corey Drew  2/24/2025
Plaintiff, *In Pro Per*

8