*In Propria Persona*
Corey Drew
164 Rainbow Dr. #6423
Livingston TX, 77399
480.630.3522
Plaintiff

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Corey Drew, | Cause No: 3:24-cv-08073-KLM-MTM |
| *Plaintiff,* | |
| vs. | **PLAINTIFF'S MOTION FOR EXPEDITED HEARING ON MOTION TO COMPEL DEFENDANTS TO PROVIDE THEIR ADDRESSES OR A REGISTERED AGENT FOR SERVICE** |
| County of Yavapai; Yavapai County Sheriff Office; Dennis McGrane; Tom Boelts; John Johnson; Samuel Contreras; Patrick Boehm; Larry Hooten; et. al.; | |
| | ORAL ARGUEMENT REQUESTED |
| *Defendants.* | |
| | Hon. Judge Michael T. Morrissey |

1

Plaintiff, Corey Drew, pro se, respectfully moves this Court for an *immediate* expedited hearing on Plaintiff's concurrently filed Motion to Compel Defendants McGrane, Contreras, Boehm, and Hooten to Provide Their Addresses or a Registered Agent for Service. This motion for an expedited hearing is made necessary by the *expiration* of the statute of limitations on Plaintiff's claims, creating a situation of extreme urgency and requiring immediate court intervention to prevent irreparable harm.

**I. GROUNDS FOR EXPEDITED HEARING**

1. An expedited hearing is not merely warranted; it is *essential* because the statute of limitations has *expired*, and Plaintiff's claims will be *permanently barred* without immediate action by this Court.

2. **Expired Statute of Limitations and Irreparable Harm:** Plaintiff's claims arise from events occurring on December 9, 2022, and are brought under 42 U.S.C. § 1983. Section 1983 claims borrow the applicable state's statute of limitations for personal injury actions. *Wilson v. Garcia*, 471 U.S. 261, 276, 105 S.Ct. 1938, 1947 (1985) ("§ 1983 claims are best characterized as personal injury actions for statute of limitations purposes.").

3. In Arizona, this is a two-year limitations period. A.R.S. § 12-542; *Marks v. Parra*, 785 F.2d 1419, 1420 (9th Cir. 1986) ("The applicable Arizona statute of limitations for personal injuries provides a two-year limitations period."). Therefore, the statute of limitations expired on December 9, 2024.

4. Denying an expedited hearing, and thus delaying a ruling on the motion to compel, will result in the *permanent loss* of Plaintiff's ability to pursue these claims, constituting irreparable harm and "the 'ultimate' prejudice." *Lemoge v. United States*, 587 F.3d 1188, 1196 (9th Cir. 2009).

2

5. **Pending Report and Recommendation and Risk of Dismissal:** The Magistrate Judge has issued a Report and Recommendation (Doc. 34) recommending dismissal for failure to effect service. Plaintiff has filed a timely Objection (Doc. 35), demonstrating diligent efforts and good cause.

6. However, obtaining address information from Defendants is *essential* to effectuating service, whether by the U.S. Marshals or otherwise.

7. A prompt hearing is necessary *before* the District Court rules on the Report and Recommendation.

8. **Defendants' Conduct and the Impossibility of Standard Service:** As detailed in the concurrently filed Motion to Compel, Defendants have actively participated in this litigation through counsel, yet have not provided a readily available means for service of process.

9. Their residential addresses are statutorily protected (A.R.S. §§ 11-483 and 16-153), the Yavapai County Sheriff's Office has a conflict of interest, and private process servers have been unable to assist.

10. This creates a situation where standard service methods are impossible without the Defendants' cooperation or Court intervention.

11. In accordance with Federal Rule of Civil Procedure 37(a)(1), Plaintiff certifies that he has in good faith conferred or attempted to confer with Defendants' counsel to obtain the requested information without court intervention but has not received a response.

12. **Court's Inherent Authority:** This Court has broad, inherent authority to manage its docket and expedite proceedings where justice requires. "*District courts have inherent power to control their dockets.*" *Atchison, Topeka & SantaRy. Co. v. Hercules Inc.*, 146 F.3d 1071, 1074 (9th Cir. 1998).

3

**II. CONCLUSION**

13. The statute of limitations on Plaintiff's claims has expired. Without an immediate hearing on the concurrently filed Motion to Compel, Plaintiff faces the irreparable harm of permanent dismissal of his claims.

14. The pending Report and Recommendation further underscores the immediate need for the Court's intervention.

15. Standard methods of service have proven impossible and Defendants, while participating, have not offered an address for service.

**III. REQUEST FOR RELIEF**

16. For the foregoing reasons, Plaintiff respectfully requests that the Court:

    1. Grant an *immediate* expedited hearing on Plaintiff's concurrently filed Motion to Compel Defendants to Provide Their Addresses or a Registered Agent for Service.
    2. Schedule this hearing as soon as possible, and in any event, before ruling on the Magistrate Judge's Report and Recommendation.
    3. Grant oral argument on the Motion to Compel, allowing Plaintiff to fully address the Court and explain the urgent circumstances.
    4. Grant such other and further relief as the Court deems just and equitable.

15. Plaintiff is prepared to comply with any additional requirements and is available at the Court's earliest convenience.

RESPECTFULLY SUBMITTED this 24th day of February 2025

1  I state under the penalty of perjury that the foregoing is true and correct to the best of
2  my knowledge.
3
4                                By: /s/ *Corey Drew*
5                                    Corey Drew  2/24/2025
                                     Plaintiff, *In Pro Per*
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

5

**Certificate Of Service**

I CERTIFY that I emailed a copy of this PLAINTIFF'S MOTION FOR EXPEDITED HEARING ON MOTION TO COMPEL DEFENDANTS TO PROVIDE THEIR ADDRESSES OR A REGISTERED AGENT FOR SERVICE on 2/24/2025 to:

Defendants attorney James M. Jellison
jim@jellisonlaw.com

                            By: /s/ *Corey Drew*

                                Corey Drew  2/24/2025
                                Plaintiff, *In Pro Per*

6