**JELLISON LAW OFFICES, PLLC**
18801 North Thompson Peak Parkway
Suite D235
Scottsdale, Arizona 85255
Telephone: 480.659.4244
JAMES M. JELLISON, ESQ., #012763
E: jim@jellisonlaw.com
E: admin@jellisonlaw.com
 *Counsel for Yavapai County, Yavapai County Sheriff's Office, Boelts, Johnson*

**IN THE UNITED STATES DISTRICT COURT**

**FOR THE STATE OF ARIZONA**

| | |
|---|---|
| Corey Drew,<br><br>                             Plaintiff,<br><br>v.<br><br>County of Yavapai; Yavapai County Sheriff's Office; Dennis McGrane; Tom Boelts; John Johnson; Samuel Contreras; Patrick Boehm; Larry Hooten; et. al.,<br><br>                             Defendants. | Case No. 3:24-cv-08073-KLM-MTM<br><br>**DEFENDANTS YAVAPAI COUNTY, YAVAPAI COUNTY SHERIFF'S OFFICE, BOELTS, AND JOHNSON'S RESPONSE TO PLAINTIFF'S MOTIONS AND/OR FILINGS**<br><br>**(Docs. 35, 36, 37, 38, 39, 40, 41)** |

Defendants Yavapai County, Yavapai County Sheriff's Office, Tom Boelts, and John Johnson, by and through counsel undersigned, hereby submit their Response to Plaintiff's Motions and/or Other Filings at Docs. 35, 36, 37, 38, 39, 40, and 41.[1] Plaintiff's last-ditch filings come after U.S. Magistrate Judge Morrissey's Report and Recommendation for dismissal of Plaintiff's Complaint without prejudice as to unserved Defendants McGrane, Conteras, Boehm, and Hooten (the "Remaining Defendants"). (Doc.

---

[1] Defendants Yavapai County, Yavapai County Sheriff's Office, Tom Boelts, and John Johnson, having no objections to the Magistrate's Report and Recommendation did not originally intend on responding to Doc. 35. Based on Plaintiff's subsequent filings, however, this Response constitutes a *de facto* response regarding Plaintiff's objections at Doc. 35.

34, p. 5, ll 8-10).  As Defendants Yavapai County, Yavapai County Sheriff's Office, Tom Boelts, and John Johnson have a legitimate interest in moving this case forward, and Plaintiff's failure to serve any Remaining Defendants has persisted for over ten months, they respond in opposition to Plaintiff's filings at Docs. 35, 36, 37, 38, 39, 40, and 41.

After Judge Morrissey's Report and Recommendation, Plaintiff flurry-filed his Objections to the Magistrate Judge's Report and Recommendation (Doc. 35); Motion to Extension of Time to Serve Defendants (Doc. 36); Motion for Expedited Hearing on Plaintiff's Motion for Extension of Time to Serve Defendants (Doc. 37); Motion for Court to Order the U.S. Marshals Service to Effectuate Service of Process (Doc. 38); Plaintiff's Motion for Expedited Hearing on Motion for Court to Order the U.S. Marshals Service to Effectuate Service of Process (Doc. 39); Plaintiff's Motion to Compel Defendants to Provide Their Home Address or Registered Agent for Service (Doc. 40); and Plaintiff's Motion for Expedited Hearing on Motion to Compel Defendants to Provide Their Addresses or a Registered Agent for Service (Doc. 41). As reflected by the Report and Recommendation, however, this Court has provided Plaintiff with many warnings about service, and extensions of time to effect service upon the Remaining Defendants.  Plaintiff has willfully ignored the warnings and deadlines.   In his failure to act, he also fails to show good cause for his lack of service.  Plaintiff's last-minute requests for yet another extension to serve, U.S. Marshals assistance to serve, and request for alternative service should be denied.  A review of the relevant procedural history is in order.

**I.      Relevant Procedural History**

On April 19, 2024, Plaintiff Corey Drew filed his federal Complaint for Violation of Civil Rights against the County of Yavapai, Yavapai County Sheriff's Office, Dennis M. McGrane, Tom Boelts, John Johnson, Samuel Contreras, Patrick Boehm, and Larry Hooten. (Doc. 1).  That same day he moved to allow for electronic filing, which was granted by this Court.  (Docs. 3, 11).

On May 5, 2024, the Court issued an Order instructing Plaintiff to complete service on the Defendants. (Doc. 10).  In that Order, this Court made clear that "Plaintiff must either

1   serve each Defendant or seek a waiver of service for each Defendant." (*Id.,* pg. 1).  The
2   Order set forth the 90-day period to complete service. (*Id.*).

3   On July 26, 2024, the Court issued its Order to Show Cause. (Doc. 12).  In that
4   Order, this Court reiterated the warnings and deadlines contained in its screening Order.
5   (Doc. 12, pg. 1). This Court warned Plaintiff that if the summons and complaint are not
6   served within 90 days of the complaint's filing, "the court shall, after notice to the plaintiff,
7   either dismiss the action or, if the plaintiff shows good cause for the failure, direct that
8   service be effected within a specified time." (*Id.*).  This Court ordered that "Plaintiff has 10
9   days from the date of this Order to show cause why this action should not be dismissed."
10  (*Id.*).

11  On July 31, 2024, Plaintiff filed a Response to Court Order to Show Cause variously
12  claiming Defendants were served 1) via certified return receipt USPS mail; 2) acceptance
13  of service by someone named Karen Richert; 3) that all Defendants are government
14  employees or elected officials; 4) receipt of a July 17, 2024 email from counsel confirming
15  all Defendants had received the Summons and Complaint, but requesting competition of
16  personal service; 5) service of Defendants Johnson, Boelts, and Sheriff Rhodes[2] upon a
17  person named Kelly Fraher; 6) service on Yavapai County upon Jayme Rush, an agent
18  authorized to accept service for the County. (Doc. 13).  On the same day, Plaintiff filed a
19  second Response to Court Order to Show Cause by reiterating the above, and further
20  complaining that he could not locate a process server to deliver in Yavapai County "due to
21  its remote location," that the Yavapai County Sheriff's Office would not effect service as it
22  was a named Defendant, and that the U.S. Marshals Service would not arrange service
23  unless Plaintiff was declared an *in forma pauperis* litigant by court order.  (Doc. 14).
24  Plaintiff also, incorrectly, asserted that certified mail was an acceptable method of service,
25  and that actual notice was an effective substitute for personal service. (*Id.*, pg. 3 of 12).

---

[2] The County, the Sheriff's Office, Boelts, and Johnson do not contest personal service. (Doc. 15, pg. 2 of 3).  On September 20, 2024, these served Defendants filed their Motion to Dismiss.  (Docs. 20; 20-1 through 20-3).

3

Plaintiff requested several forms of possible relief including: a ruling that service was complete; or, alternatively, an additional 60 days to complete personal service. (*Id.*, pg. 5 of 12). Notably absent from Plaintiff's Response were any facts showing a single attempt to personally serve McGrane, Contreras, Boehm, or Hooten. (*Id.*).

On September 30, 2024, the Court issued yet another Order to Show Cause to Plaintiff giving him 10-days to show cause why service has not been completed on Defendants McGrane, Contreras, Boehm, and Hooten. (Doc. 22). On October 10, 2024, Plaintiff filed his Response to Court Order to Show Cause re: McGrane, Contreras, Boehm, Hooten. (Doc. 23). In his Response, Plaintiff offered the same six (6) reasons he believed service had been completed that he described in his July 31, 2024 response, adding that McGrane, Contreras, Boehm, and Hooten have retained counsel, and "work within the sheriff department with Defendants Bolts (sic), Johnson and Rhodes." (Doc. 23, pgs 2-3 of 6). Plaintiff again requested this Court either rule "that service is complete" or allow another 60 days to effect personal service. (*Id,*, pg. 5 of 6). Notably absent, again, from Plaintiff's Response were any facts showing a single attempt to personally serve McGrane, Contreras, Boehm, or Hooten. (*Id.*).

On October 16, 2024, the Court filed another Order, reminding him of the service requirements of Fed.R.Civ.P. 4(e) that included individual personal service, service at an individual's residence, or delivering to an appointed agent. (Doc. 24, pgs. 1-2 of 3). The Order clearly explained that "[s]ervice by certified mail is not an acceptable form of service under the Rule." (*Id.*). The Order provided Plaintiff "14 additional days from the date of this Order to properly serve Defendants McGrane, Contreras, Boehm, and Hooten." (*Id.*). The Court further warned that "[i]f the Court does not receive proof of service, this case may be dismissed pursuant to Rule 4(m) of the Federal Rules of Civil Procedure as to the Defendants not lawfully served." (*Id.,* pgs. 2-3 of 3). Under the Order, Plaintiff had until October 30, 2024 to serve McGrane, Contreras, Boehm, and Hooten.

On October 24, 2024, Plaintiff filed his Response to Court Order to Show Cause Re: Service on Defendants Contreras, Boehm, Hooten, McGrane, which attached an

4

affidavit indicated that some unidentified person was served in lieu of personal serve on Contreras, Boehm, or Hooten, and that McGrane was alleged served through a person identified as "Donna." (Docs. 25; 25-1). On November 5, 2024, the served Defendants offered an Objection and Affidavit showing that whoever was provided service of process for Defendants Contreras, Boehm, Hooten, McGrane had not been authorized by any of them to accept service on their behalf. (Docs. 28; 28-1). Instead of completing personal service, Plaintiff simply claimed, without any additional facts, that the unnamed person and "Donna" were authorized to accept service. (Doc. 30).

After three months passed, and Plaintiff provided no proof of service in the manner described to him by this Court, U.S. Magistrate Judge Morrissey filed his Report and Recommendation noting the above history, and Plaintiff's nine-month refusal to correctly complete service on Defendants Contreras, Boehm, Hooten, McGrane, but also Plaintiff's failure to show any attempt at personal service on any of the unserved, Remaining Defendants.

**II.    The Report and Recommendation is Correct and Plaintiff is Entitled to No Further Relief Regarding Service on Remaining Defendants Contreras, Boehm, Hooten, or McGrane.**

   **A.    Plaintiff has failed to show good cause for any further extension of time to serve the remaining Defendants.**

The law is clear. "Before a federal court may exercise personal jurisdiction over a defendant, the procedural requirement of service of summons must be satisfied." *Omni Capital Int'l v. Rudolf Wolff & Co.*, 484 U.S. 97, 104 (1987). Federal Rule of Civil Procedure 4(e)(1) allows service "in a judicial district of the United States" by "following state law for serving a summons in an action brought in courts of general jurisdiction in the state where the district court is located or where service is made." *Peterson v. United States*, 2017 WL 10543986, at *1 (C.D. Cal. Jan. 10, 2017) "Under both the Arizona and Federal rules, an individual may be served by personal service, by leaving a copy at an individual's dwelling with a person of suitable age and discretion who resides there, or by serving an authorized agent." *Zuckerman v. Trump*, 2020 WL 5038583, at *1 (D. Ariz. Aug. 26, 2020)

5

(citing Fed.R.Civ.P. 4(e); Ariz.R.Civ.P. 4.1(d)).

Rule 4 of the Federal Rules of Civil Procedure governs service of process. Rule 4(m) sets forth the time limits for service and directs that if a defendant is not served within 90 days after the complaint is filed, the Court, on its own after notice to the plaintiff, "must dismiss the action without prejudice against that defendant or order that service be made within a specified time." Rule 4(m) continues, "But if the plaintiff shows good cause for the failure, the court must extend the time for service for an appropriate period." "At a minimum, 'good cause' means excusable neglect." *Boudette v. Barnette*, 923 F.2d 754, 756 (9th Cir. 1991) (analyzing good cause in the context of Rule 4(j)). Further, a plaintiff may "be required to show the following: (a) the party to be served personally received actual notice of the lawsuit; (b) the defendant would suffer no prejudice; and (c) plaintiff would be severely prejudiced if his complaint were dismissed." *Id.* (citing *Hart v. United States*, 817 F.2d 78, 80-81 (9th Cir. 1987)). Additionally, however, pursuant to Rule 41(b) of the Federal Rules of Civil Procedure, a district court may dismiss an action due to a plaintiff's failure to prosecute or to comply with court orders. *See Link v. Wabash R.R. Co.*, 370 U.S. 626, 629-30 (1962) (a court's authority to dismiss for lack of prosecution is necessary to prevent undue delays in the disposition of pending cases and to avoid congestion in the calendars of the district courts); *Ferdik v. Bonzelet*, 963 F.2d 1258, 1260 (9th Cir. 1992) (a district court may dismiss an action for failure to comply with any order of the court).

Here, Plaintiff was specifically warned that failure to comply with Rule 4 may result in dismissal of his action.  On the record before it, Plaintiff has not shown "good cause" as defined in *Boudette.* 923 F.2d at 756.  Instead, Plaintiff apparently made some attempt to serve by mail, and to serve the Remaining Defendants by service upon a third party.  Neither one of these constitutes effective service. At no time prior to the Report and Recommendation did Plaintiff file for any relief with the Court regarding alternative service, and he did not proceed to serve the Remaining Defendants in response to this Court's Orders to Show Cause.  Further, with the exception of McGrane, there is insufficient information for this Court to conclude the other unserved defendants have received actual notice of this

action and or that any Remaining Defendant would suffer no prejudice. The Court also cannot find that Plaintiff would be severely prejudiced if his Complaint were dismissed as to the unserved defendants, as the remainder of his claims still proceed. Overriding the prejudice argument, however, Plaintiff has failed to prosecute this action as required regarding the Remaining Defendants. Consequently, dismissal of the Complaint as to the unserved defendants under Rule 41(b) is warranted. This Court should follow the Report and Recommendation, and dismiss without prejudice the Complaint as to the unserved defendants.

On May 5, 2024, the Court issued an Order instructing Plaintiff to complete service upon the Defendants (Doc. 10); on July 26, 2024, the Court issued its Order to Show Cause (Doc. 12) and Plaintiff had ten days to complete service or show cause why the matter should not be dismissed; on September 30, 2024, the Court issued yet another Order to Show Cause to Plaintiff as to why service has not been perfected on the Remaining Defendants and gives the Plaintiff another ten days to do so (Doc. 22); and on October 16, 2024, the Court again issued another Order to serve the Remaining Defendants within 14 days of the date of the Order (Doc. 24). Plaintiff has had **over ten months** (318 days) to properly serve the Remaining Defendants and has not done so in accordance with the Federal Rules of Civil Procedure. The Court has given Plaintiff numerous Orders to Show Cause as to why the matter should not be dismissed for failure to serve and numerous extensions for Plaintiff to effect his service upon the remaining Defendants. Plaintiff has not provided any explanation of when or how personal service was attempted, or, if attempted, why it failed. Instead, Plaintiff claimed service by mail was sufficient, general knowledge was sufficient, or service on other people was sufficient. Again, what Plaintiff never describes is any effort to personally serve Defendants McGrane, Contreras, Boehm, or Hooten; or why any such an effort was not made.

If a defendant is not timely served, "the court—on motion or on its own after notice to the plaintiff—must dismiss the action without prejudice against that defendant or order that service be made within a specified time." Fed. R. Civ. P. 4(m). For the foregoing

reasons, Defendants respectfully request that Court enforce compliance with Federal Rule of Civil Procedure 4(m) and deny Plaintiff's Motion for Extension to serve the Remaining Defendants and his Motion(s) for Expedited Hearing.

**B.    Plaintiff has failed to show an entitlement to the services of the U.S. Marshals Office.**

"[A]n incarcerated pro se plaintiff proceeding in forma pauperis is entitled to rely on the U.S. Marshal for service of the summons and complaint," subject to he or she "provid[ing] the necessary information to help effectuate service[.]" *Puett v. Blandford*, 912 F.2d 270, 275 (9th Cir. 1990).  Plaintiff, however, does not seek in forma pauperis status. Instead, Plaintiff seeks free service from the U.S. Marshals Office, even though his own papers show he hired someone to attempt service, albeit service on an unauthorized third party rather than personal service on any of the Remaining Defendants.

A plaintiff must serve all defendants that are party to an action within 90 days after the complaint is filed. Fed. R. Civ. P. 4(m).  Service by a U.S. Marshal is required only if the plaintiff has been "authorized to proceed in forma pauperis under 28 U.S.C. § 1915[.]" Fed. R. Civ. P. 4(c)(3); *see Puett, supra; see also Davis v. Gen. Atomics*, No. 8:23-CV-00132-WLH-JDE, 2024 WL 3529053, at *2 (C.D. Cal. June 24, 2024) ("[T]he Court finds it inappropriate to order service by the United States Marshals here where Plaintiff is not proceeding in forma pauperis."). Where the plaintiff has paid the filing fee, Rule 4(c)(3) "vests the Court with discretion to order service" by a U.S. Marshal. *White v. King Cnty. Sheriff's Off.*, No. 2:24-CV-00618-JHC, 2024 WL 3316029, at *1 (W.D. Wash. June 14, 2024) (citation omitted). "This discretion is exercised only in limited circumstances, such as when a law enforcement presence appears necessary or advisable to keep the peace or when a hostile defendant threatens injury to the process server." *Id.*; *see Wood-Jimenez v. Dep't of Motor Vehicles Nevada*, No. 3:23-cv-00583-MMD-CLB, 2024 WL 1343229, at *2 (D. Nev. Mar. 29, 2024) ("The decision to appoint a process server is committed to the court's discretion and may be appropriate where, for instance, 'a law enforcement presence appears to be necessary or advisable to keep the peace.'") (quoting Fed. R. Civ. P. 4(c)

advisory committee's note to 1993 amendment).

Plaintiff does not claim that any of the Remaining Defendants (who are either a County Attorney or themselves members of law enforcement) are hostile or that service of process on her should involve a law enforcement presence. Plaintiff's request for service by a U.S. Marshal, accordingly, should be denied. *See Oels v. Dunleavy*, No. 3:23-CV-00006-SLG, 2023 WL 2814530, at *2 (D. Alaska Apr. 6, 2023) (denying motion for service by a marshal where "there is no apparent necessity for a law enforcement presence"); *Wood-Jimenez*, 2024 WL 1343229, at *2 ("The Court finds that plaintiff has not met her burden of demonstrating that such an order really is necessary because she does not explain why she requires USMS assistance in completing service.").

### C. Plaintiff is not entitled to the residential addresses of the remaining Defendants.

A.R.S. § 39-123 provides protection for law enforcement personnel from the disclosure of home addresses and home telephone numbers. In a case like this, where a former criminal defendant now seeks the home addresses of the law enforcement or prosecutorial personnel involved in his criminal case, such information should not be subject to compelled disclosure but, instead, must be protected. See, *Guerrero v. United States*, No. 12-CV-370-TUC-RCC, 2013 WL 12173597, at *1 (D. Ariz. Feb. 6, 2013) (finding "sensitive law enforcement information," and "home addresses" to be subject to protective order).

Defendants Yavapai County, Yavapai County Sheriff's Office, Tom Boelts, and John Johnson request this Court honor the privacy considerations expressed under Arizona law and refrain from ordering these Defendants from disclosing law enforcement home address or home telephone information. It is worth noting that Plaintiff, in all of his filings, never alleges ignorance as to the business address for any unserved Defendant.

//
//
//

### D. Plaintiff failed to exhaust the accepted avenues of service and is not entitled to an alternate form of service.

The procedural requirement of service must be met before a federal court may exercise personal jurisdiction over a defendant. *Omni Capital Int'l, Ltd. v. Rudolf Wolff & Co.*, 484 U.S. 97, 104 (1987), superseded by statute on other grounds. Pursuant to Federal Rule of Civil Procedure 4(e)(1), an individual may be served in a United States judicial district by "following state law for serving a summons in an action brought in courts of general jurisdiction in the state where the district court is located or where service is made." Arizona Rule of Civil Procedure 4.1(k) authorizes alternative means of service if service under 4.1(c) through 4.1(j) prove impracticable. Plaintiff has not met his burden of showing that alternative service under Arizona Rule of Civil Procedure 4.1(k) is appropriate. In reviewing the Motion, Plaintiff has provided no information on what efforts were made to personally serve any of the Remaining Defendants. While Plaintiff claims he does not know the residential addresses of the Remaining Defendants, he alleges they are all public officials who have publicly available work addresses. Although Plaintiff claims he cannot locate a process server to make service in Yavapai County, his own exhibits show that he did located such a process server. The process server, however, does not appear to have attempted personal service. Because Plaintiff has failed to prove that personal service on the Remaining Defendants was impracticable, he is not entitled to serve through some alternative method.

### E. Plaintiff has failed to justify the need for a hearing – emergency or not.

Although Plaintiff requests an expedited hearing (or decision) on his motions, he does not make a showing that he is entitled to either. Plaintiff had ample time to attempt

//
//
//

personal service on the Remaining Defendants, but chose not do.   His last-minute, post-Report, efforts are not timely and do not merit a separate hearing.

DATED this 3rd day of March, 2025.

JELLISON LAW OFFICES, PLLC

s/ *James M. Jellison*
James M. Jellison, Esq.
*Counsel for Defendants Yavapai County; Yavapai County Sheriff's Office; Boelts; and Johnson*

**CERTIFICATE OF SERVICE**

I hereby certify that on March 3, 2025, I electronically transmitted the attached document to the Clerk's Office using the CM/ECF System for filing with service on the following registrants, or by mail if not a registrant:

Corey Drew
164 Rainbow Drive, #6423
Livingston, TX 77399
T: 480.630.3522
E: chembeforethestorm@gmail.com
 *Pro Se*

By: s/ *Rebecca L. Craft*

11