1  Corey Drew
2  164 Rainbow Dr. #6423
   Livingston TX, 77399
3  480.630.3522
4  Plaintiff, *Pro Se*

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Corey Drew, | Cause No: 3:24-cv-08073-KLM-MTM |
| *Plaintiff,* | |
| vs. | **PLAINTIFF'S REPLY TO DEFENDANTS' RESPONSE TO PLAINTIFF'S MOTIONS (Doc. 42)** |
| County of Yavapai; Yavapai County Sheriff Office; Dennis McGrane; Tom Boelts; John Johnson; Samuel Contreras; Patrick Boehm; Larry Hooten; et. al.; | |
| *Defendants.* | Hon. Judge Michael T. Morrissey |

1

Plaintiff, Corey Drew, hereby submits this Reply to Defendants' Response to Plaintiff's Motions and/or Filings (Docs. 35, 36, 37, 38, 39, 40, and 41).

## I. INTRODUCTION

1. The Defendants' response (Doc. 42) fails to address several critical issues raised by Plaintiff, misconstrues Plaintiff's arguments, and omits crucial legal context. This necessitates clarification and a more thorough response.

2. Furthermore, the Defendants' response (Doc. 42) unnecessarily repeats the case timeline without providing accompanying legal analysis, creating confusion and distracting from the relevant issues.

3. Plaintiff respectfully requests that the Court focus on the substantive arguments presented, rather than the Defendants' redundant procedural history.

4. The Defendants' invocation of Rule 41(b) is misplaced (Doc. 42, p. 6, ln. 12). Plaintiff has diligently pursued this case, and any delays in service are attributable to the unique obstacles presented, not a lack of prosecution.

5. Plaintiff's actions demonstrate a consistent effort to move this case forward, not a disregard for court orders.

6. Plaintiff has demonstrated both "good cause" and "excusable neglect" under Rule 4(m) and relevant case law, including *Lemoge v. United States*, 587 F.3d 1188 (9th Cir. 2009), warranting an extension of time to effectuate service.

7. The combination of the statutory protection of the defendants' addresses, the lack of professional process servers, and the Sheriff's Office's conflict of interest constitutes excusable neglect, and the potential barring of Plaintiff's claims due to the statute of limitations establishes good cause.

## II. THE DEFENDANTS' FAILURE TO ADDRESS CRITICAL ISSUES

8. The Defendants' response (Doc. 42) omits discussion on several key arguments presented by Plaintiff:

### A. Validity of Service on All Defendants:

9. The Defendants do not address Plaintiff's argument that if service done at their workplace for Defendants County of Yavapai, Yavapai County Sheriff, Johnson, and Boelts was sufficient, then service on the other Defendants Contreras, Boehm, Hooten, and McGrane, performed in the same manner at their same workplace, should also be considered sufficient.

10. All defendants in this case are county employees and have retained the same defense counsel. This is a crucial point, particularly given the Court's prior acceptance of similar service methods and defense counsel not challenging the service done on previous defendants.

11. Plaintiff reasonably relied on these facts to believe service was completed successfully and did not fail to act on any Court Order.

12. This reliance is consistent with the Ninth Circuit's holding in *Henson v. Fidelity Nat'l Fin., Inc.,* No. 18-56071, at 33 (9th Cir. Nov. 15, 2019) that litigants are entitled to rely on established procedures.

13. Critically, while the Defendants state they are not challenging service on the first four defendants (Yavapai County, Yavapai County Sheriff's Office, Boelts, and Johnson) (Doc. 42, p. 3, ll. 27-28), they offer no explanation whatsoever as to why the identical method of service is being challenged for the remaining four defendants (McGrane, Contreras, Boehm, and Hooten).

14. This inconsistency undermines the credibility of their objection and suggests an arbitrary and unfair application of the service rules.

3

B. <u>The Defendants' Participation in the Case:</u>

15. The Defendants fail to address the inconsistency of contesting service while simultaneously participating in the case through counsel who filed responsive pleadings.

16. This participation, coupled with actual notice, demonstrates that the purpose of service – to inform Defendants of the lawsuit – has been achieved.

17. The Defendants' active participation in this litigation, through counsel, demonstrates actual notice, fulfilling the core purpose of service as articulated in *Chan v. Society Expeditions, Inc.*, 39 F.3d 1398, 1404 (9th Cir. 1994) and *Mullane v. Central Hanover Bank & Trust Co.*, 339 U.S. 306, 314 (1950).

C. <u>Prejudice to Plaintiff:</u>

18. The Defendants do not adequately address the severe prejudice Plaintiff will face if the case is dismissed.

19. The statute of limitations has now run, meaning dismissal would permanently bar Plaintiff from pursuing his claims.

20. This constitutes the "ultimate prejudice" as defined in *Lemoge v. United States*, 587 F.3d 1188, 1196 (9th Cir. 2009).

21. While the Defendants mention prejudice (Doc. 42, p. 7, ll. 1-4), they fail to acknowledge the severe prejudice this poses to Plaintiff, focusing instead on their own alleged prejudice, which is minimal given their actual notice and participation.

D. <u>Fundamentals of Individual Liability:</u>

22. The Defendants' assertion that Plaintiff would not be "severely prejudiced" because "the remainder of his claims still proceed" (Doc. 42, p. 7, ll. 1-4) demonstrates a fundamental misunderstanding of individual liability in civil rights actions.

23. Each Defendant is alleged to have violated Plaintiff's rights through separate and

4

distinct actions. Dismissing the claims against the unserved Defendants does not allow Plaintiff to seek redress for *their* specific alleged wrongs through the remaining claims against *other* Defendants.

24. Each Defendant is individually accountable for their own conduct, and the claims against them are not interchangeable. To suggest that proceeding against some Defendants somehow compensates for the inability to pursue claims against others, who are alleged to have committed distinct violations, is legally baseless and severely prejudicial to Plaintiff's right to seek full and complete redress for all alleged constitutional violations.

25. The dismissal of any individual defendant, limits justice, as each defendant has an individual claim, that is separate from the other defendants.

## III. THE DEFENDANTS' INCONSISTENT APPLICATION OF SERVICE RULES

26. The Defendants' unexplained distinction between the accepted service on the first four defendants and the challenged service on the remaining four is a fatal flaw in their argument.

27. There is no legal or factual basis provided to justify this inconsistent treatment. Specifically, the Defendants state that they "do not contest personal service" on Yavapai County, the Sheriff's Office, Boelts, and Johnson (Doc. 42, p. 3, ll. 27-28), yet challenge the *identical* method used for McGrane, Contreras, Boehm, and Hooten.

28. If the method of service was sufficient for one group of defendants, all employed by the same entity and served at the same work location, it should be equally sufficient for the others, absent a clear and articulated reason for the distinction, which the Defendants fail to provide.

29. This selective objection to service appears to be a tactic to delay or dismiss the case

5

on a technicality, rather than a genuine concern about notice.

### IV. CLARIFICATION REGARDING ACTUAL NOTICE AND SERVICE ON MCGRANE

30. The Defendants contest service on Defendant McGrane, focusing on the *manner* of service rather than the fundamental purpose of Rule 4: to ensure *actual notice* of the lawsuit and an opportunity to be heard.

31. The Ninth Circuit has clearly stated "Rule 4 is a flexible rule that should be liberally construed so long as a party receives sufficient notice of the complaint." *Direct Mail Spec. v. Eclat Computerized Tech*, 840 F.2d 685, 688 (9th Cir. 1988) See also, *Mullane v. Central Hanover Bank & Trust Co.*, 339 U.S. 306, 314 (1950) (due process requires notice "reasonably calculated...to apprise interested parties of the pendency of the action").

32. While the Defendants submitted an affidavit claiming the individual who accepted service for McGrane was not *authorized* to do so, this affidavit does *not* – and *cannot* – deny that McGrane received *actual notice* of the lawsuit.

33. The Defendants' own participation in the litigation, through counsel, confirms this actual notice.

34. McGrane's actual notice, and by extension, the actual notice of the other Defendants served in the same manner at the same location, effectively waives any technical defects in the *method* of service.

35. The Ninth Circuit has held that "[d]efects in service of process...can be waived by the party...[W]here actual notice has occurred, Rule 4 will be liberally construed...to uphold and validate that service," and that "[t]echnical defects in the service of process do not justify dismissal unless a party is able to demonstrate actual prejudice." *Direct Mail Specialists, Inc.*, 840 F.2d at 688.

36. The affidavit, at best, raises a question of fact regarding the *authorization* of the

6

individual who accepted service, but it does not negate the *fact* of actual notice, nor does it demonstrate any prejudice to the Defendants.

37. This actual notice, combined with Plaintiff's diligent efforts, the unique obstacles to service in Yavapai County, and the severe prejudice of dismissal, strongly supports Plaintiff's request for an extension of time and/or alternative service methods.

## V. CLARIFICATION REGARDING UNAVAILABLE PROFESSIONAL PROCESS SERVERS AND THE SHERIFF'S OFFICE CONFLICT

38. The Defendants misrepresent Plaintiff's efforts by conflating the *unavailability of professional process servers* in Yavapai County with an inability to "locate" *any* server (Doc. 42, p. 10, ll. 16-18). This is a crucial distinction. Yavapai County presents unique service challenges, especially with law enforcement defendants.

39. Plaintiff diligently sought a *professional* server, possessing experience with such defendants, but found *none* operating within Yavapai County.

40. This lack of professional process servers is further exacerbated by the fact that the Yavapai County Sheriff's Office, which ordinarily handles service of process within the county, is *itself a named Defendant* in this case (Doc. 1; Doc. 42, p. 3, ln. 27).

41. This creates a clear and unavoidable conflict of interest, preventing the Sheriff's Office from fulfilling its usual role and further restricting Plaintiff's options for service.

42. Professionals outside the county also declined, citing complexities including the extreme difficulty to locate defendants and deliver documents in a single trip as Yavapai County's remote location made multiple trips as too burdensome.

43. Faced with this *complete absence* of professional options, and the Sheriff's Office's inability to assist, and demonstrating good faith, Plaintiff engaged a private individual, who, while lacking a professional's specialized resources and knowledge, attempted personal service in accordance with the rules.

44. This situation reflects systemic limitations, not a lack of Plaintiff's diligence, supporting alternative service methods or U.S. Marshal assistance.
45. Reliance on a private individual was a reasonable, good-faith step after exhausting available options.

## VI. THE DEFENDANTS' FALSE CLAIM OF NO ATTEMPTED PERSONAL SERVICE

46. The Defendants' assertion of "[not] a single attempt" at personal service (Doc. 42, p. 4, ll. 3-4), *and* the Defendants' statement that "[t]he process server... does not appear to have attempted personal service" (Doc. 42, p. 10, ll. 18-19) is patently false and directly contradicted by the evidence already before the Court.
47. Plaintiff filed an affidavit regarding service (Doc. 25-1) describing the efforts made to personally serve the Defendants. The Defendants themselves filed an objection (Doc. 28) to this *attempted* service, arguing that the person served was not authorized – an objection that inherently acknowledges that an attempt at personal service *did* occur.
48. The Defendants cannot have it both ways: they cannot object to the *manner* of an attempted personal service and simultaneously claim that *no* such attempt was made.
49. This blatant misrepresentation of the record casts serious doubt on the credibility of Defendants' entire argument regarding service.

## VII. DEFENDANTS' DISINGENUOUS ARGUMENT REGARDING WORKPLACE SERVICE AND THE NEED FOR ALTERNATIVE METHODS

50. The Defendants' argument regarding workplace service is both disingenuous and contradictory. While they contest the *validity* of service attempted at the Yavapai

8

County Sheriff's Office, they simultaneously, and misleadingly, suggest that Plaintiff has not sought to serve the Defendants at their workplace. (Doc. 42, p. 10 ll. 13-19),

51. This is a blatant misrepresentation of the record. *All* of Plaintiff's documented attempts at service on the unserved Defendants, as evidenced by the affidavit of personal service (Doc. 25-1) and even acknowledged in the Defendants' own objection (Doc. 28), were made at the Yavapai County Sheriff's Office – the *very workplace* the Defendants now claim Plaintiff has ignored.

52. This contradictory stance – objecting to service *at* the workplace while implying Plaintiff hasn't *tried* to serve them there – exposes a clear attempt to exploit technicalities to avoid the merits of the case.

53. The Defendants cannot credibly claim ignorance of Plaintiff's efforts to serve them at their known place of employment. Their argument is not based on a genuine lack of notice, but rather on a hyper-technical objection to the *manner* of service, despite actual notice having been achieved.

54. This disingenuous argument further underscores the need for the Court to grant Plaintiff's request for alternative methods of service. Given the statutory protection of the Defendants' home addresses (A.R.S. §§ 11-483 and 16-153), the demonstrated unavailability of professional process servers in Yavapai County, the Sheriff's Office's conflict of interest, *and* the Defendants' now-demonstrated unwillingness to accept service at their workplace despite actual notice, Plaintiff is left with no viable means to effectuate service without the Court's intervention.

55. Ordering the Defendants to provide their home addresses (or the address of a designated agent) or authorizing service by the U.S. Marshals is necessary to ensure Plaintiff can exercise his right to pursue his claims and that the Defendants are held accountable for their alleged actions.

## VIII. CONCLUSION

56. For the foregoing reasons, and because Plaintiff has demonstrated both good cause and excusable neglect, Plaintiff respectfully requests that the Court:

1. Reject the Report and Recommendation and deny the Motion to Dismiss.
2. Find that service was valid under Arizona Rule of Civil Procedure 4.1(d) and Fed. R. Civ. P. 4(e).
3. In the alternative, order Defendants to provide their home addresses or the name and location of their designated agent for service and allow an appropriate extension of time under Fed. R. Civ. P. 4(m) to re-serve Defendants at the named location;
4. Grant Plaintiff's motion for the U.S. Marshals to effectuate service and allow an appropriate extension of time under Rule 4(m);
5. Grant any other relief the Court deems just and equitable.

RESPECTFULLY SUBMITTED this 11th day of March 2025

I state under the penalty of perjury that the foregoing is true and correct to the best of my knowledge.

By: /s/ *Corey Drew*
Corey Drew  3/11/2025
Plaintiff, *Pro Se*

10

## **Certificate Of Service**

I CERTIFY that I emailed a copy of this PLAINTIFF'S REPLY TO DEFENDANTS' RESPONSE TO PLAINTIFF'S MOTIONS (Doc. 42) on 3/11/2025 to:

Defendants attorney James M. Jellison
jim@jellisonlaw.com


                        By: /s/ *Corey Drew*

                            Corey Drew 3/11/2025
                            Plaintiff, *Pro Se*